Argued and submitted October 26, reversed and remanded for reconsideration November 29, 1995, petition for review denied April 2, 1996 (323 Or 114)

## TRI-COUNTY METROPOLITAN TRANSPORTATION DISTRICT,
*Petitioner,*

*v.*

## CITY OF BEAVERTON
and Henry Kane,
*Respondents.*

## (LUBA 94-002, 94-003; CA A89709)

906 P2d 827

Mark J. Greenfield argued the cause for petitioner. With him on the brief were Gregory S. Hathaway and Davis Wright Tremaine.

Mark Pilliod argued the cause and filed the brief for respondent City of Beaverton.

No appearance for respondent Henry Kane.

Before Deits, Presiding Judge, and De Muniz and Hasel-ton, Judges.

DEITS, P. J.

## DEITS, P. J.

In *Tri-Met v. City of Beaverton*, 132 Or App 253, 888 P2d 74, *rev den* 320 Or 598 (1995), we reversed and remanded LUBA's decisions in Tri-Met's appeals from conditions that the city had attached to its design review approvals of two segments of the Westside Corridor light rail project. On remand, LUBA remanded the city's decisions to it for further factual findings and evidentiary development and to "consider * * * whether the disputed conditions comply with section 7(1)(b)" of Senate Bill 573 (Oregon Laws 1991, chapter 3), as we construed that section in our opinion. Tri-Met again seeks review, contending, *inter alia*, that LUBA erred by remanding the city's orders rather than reversing them. We again reverse and remand.

Two city orders are involved here. The conditions that are challenged in LUBA case no. 94-002 are the city's requirement that Tri-Met provide an esplanade and an enhanced trackway in connection with one of the two segments. In its first opinion, LUBA affirmed the order imposing those conditions. It held, in essence, that the requirement of section 7(1)(b) that local conditions be "reasonable and necessary" was inapplicable to the conditions in question. Summarily stated, we disagreed, and therefore remanded that order to LUBA, because it had not correctly applied the statutory test. 132 Or App at 258-60.

In LUBA case no. 94-003, Tri-Met challenged the city's decision requiring it to include rest rooms and drinking fountains at a transit facility serving the second segment. LUBA remanded that decision. We concluded that, in so doing, LUBA again incorrectly read section 7(1)(b). We explained that, contrary to LUBA's understanding:

> "The reasonable and necessary test applies to conditions that are related to or necessitated by the [light rail] project, but the bill does not permit conditions of a kind that are designed to further unrelated land use objectives of local plans and regulations." 132 Or App at 261.

We remanded both cases to LUBA for "further consideration under [our] opinion." *Id.* at 262.

The basis for the disposition in our first opinion was that LUBA committed two errors of law in its application of

the statute. As a threshold proposition, at least, our conclusions and our disposition therefore called for LUBA to apply the correct legal tests to the established facts in our remand to it.[1] Unless the appeals cannot be resolved by LUBA's completion of that exercise, no further findings or evidentiary development and no remand to the city are necessary.[2]

Moreover, we disagree with LUBA's suggestion that the ultimate questions of reasonableness and necessity are for the city to *decide*, as distinct from *demonstrating*. The *decision* concerning whether the conditions satisfy the statute's requirements turns on questions of law, and it is a decision for LUBA rather than the city to make. Any failure by the city to establish the compliance of its conditions with the statutory test would, as Tri-Met contends, be a basis for LUBA to reverse the city's orders rather than remanding them to the city.

Arguably, LUBA's disposition would have been the proper one if this case were governed by the usual review provisions and standards of ORS 197.805 *et seq.* However, Senate Bill 573 makes clear that the usual review procedures do not apply here. Section 7(4) of the bill makes local conditions subject to "administrative and judicial review as provided by law," but goes on to provide that "determinations on review shall not prevent the implementation of [Tri-Met's] final order." We emphasized in our earlier opinion:

"As Tri-Met again suggests, LUBA's reading of the statute is premised on the understanding that it is a land use 'business as usual' provision, when its whole purpose is the opposite. Although the bill contains precatory language on which

---

[1] If the conditions survive the "reasonable and necessary" test, they are subject to the further requirement of section 7(1)(b) that they not prevent implementation of Tri-Met's final order.

[2] We do not suggest that, after LUBA *has* completed that exercise, a remand to the city *cannot* become necessary if any factual determinations prove to be essential to resolving the "reasonable and necessary" question and if they are facts that can only be found by the city. We emphasize, however, that city findings are not the only possible source of knowledge of all the relevant facts. For example, as indicated in our earlier opinion, the fact that two of the conditions are "subject to mandatory deferral in the agreement between Tri-Met and the authoritative federal agency * * * is pertinent to whether [they are] reasonable and necessary." 132 Or App at 260. In any event, under the circumstances here, it cannot be determined whether further facts must be found until the correct legal test has been applied to the facts that are already known.

LUBA relies relating to the ongoing legislative commitment to the usual land use planning process, the substantive provisions of the bill are clearly to the effect that that process is superseded for purposes of this project." 132 Or App at 261.

*See also Seto v. Tri-County Metro. Transportation Dist.*, 311 Or 456, 458-59, 814 P2d 1060 (1991) (to the same general effect).

A remand to the city could prolong the process indefinitely, notwithstanding the statutory call for expedition, which both the Supreme Court and we have emphasized that the legislature meant literally. We again reverse and remand LUBA's decisions, and instruct it to perform the reconsideration required by our earlier opinion and this one. In its present decisions, LUBA remanded for the city to do what we had remanded for LUBA itself to do.

Reversed and remanded for reconsideration in LUBA case nos. 94-002 and 94-003.